IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK HILL,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA, Dept. of Human Services and CSE Agency; JUSTIN BROWN, Director of Dept. of Human Services; STEVEN BUCK, Secretary of Records for Dept. of Human Services; and MIKE HUNTER, State of Oklahoma Attorney General,<br><br>        Defendants. | Case No. 20-CV-25-TCK-JFJ |

## **OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by defendants Oklahoma Attorney General Mike Hunter and Secretary of Human Services and Childhood Initiatives Steven Buck, in their official and individual capacities. Doc. 7. Defendants seek dismissal of *pro se* plaintiff Rick Hill's Complaint pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6). *Id.* Plaintiff opposes the motion. Doc. 11.

**I. Applicable Law**

Fed. R.Civ. P.12(b)(1) permits the Court to dismiss a complaint for "lack of subject- matter jurisdiction." "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 906 F.3d 926, 931 (10th Cir. 2018). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter

jurisdiction is based." (citation omitted).  Here, defendants have facially attacked the sufficiency of the Complaint's allegations as to the existence of subject matter jurisdiction.  In addressing a facial attack under Rule 12(b)(1), the court must "presume all of the allegations contained in the amended complaint to be true."  *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002).  Dismissal is proper where "the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein."  *Harrison v. United States,* 329 Fed. Appx. 179, 181 (10th Cir. 2009) (unpublished).

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."  *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

## II. Allegations of the Complaint

In his Complaint, Plaintiff alleges Defendants have committed "RACKETEERING FRAUD and EMBEZZLEMENT" against him over 100 times and violated Oklahoma and Federal laws. Doc. 1 at 12-13. He seeks:

- "2 trillion dollars in financial compensation;"
- "to have my name and other personal information removed from their system and permanent ban from future action;"
- "removal of all negative credit reports;" and
- "cease and desist all Tax and Wage garnishments.

*Id.* at 2-3. Attached to the Complaint is a "BRIEF for CIVIL ACTION" in which Plaintiff alleges that because he is a Native American, Oklahoma has no jurisdiction over him; and that ODHS fraudulently billed him for medical fees, charged excessive interest and penalties, failed to credit his account for money it received, and refused to recognize his rights under the Native American Rights Act, the Reserved Rights Doct[rine]. *Id.* at 4-15.

## III. Analysis

### A. Rule 12(b)(1) Motion

In their Motions to Dismiss, Defendants assert that the Court lacks jurisdiction to entertain Plaintiff's claims because Plaintiff failed to comply with Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. §151, *et seq.* The OGTCA is the exclusive remedy by which an injured plaintiff may recover against a government entity for the alleged torts or constitutional violations of its agents and employees. *Fuller v. Odom*, 741 P.2d 446, 451 (Okla. 1987). The OGTCA further provides that "[t]he State, its political subdivision, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune for liability for torts." 51 O.S. §152(A). The OGTCA defines the term "tort" as:

3

> [A] legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person . . . as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

51 O.S. §152(14). The OGTCA imposes the following procedural prerequisites for pursuit of tort claims for monetary damages against the State or its political subdivisions:

First, the claimant must file a written claim with the Office of Risk Management and the state agency involved within one year of the date of the loss. 51 O.S. §156. A claimant's failure to timely file a written claim results in a permanent bar against filing the claim. 51 O.S. §156(B).

Second, the claim must have been denied in whole or in part by the State. 51 O.S. §157.

Third, if the State denies the claim, the claimant must file suit within 180 days. 51 O.S. §157.

Finally, a petition must allege sufficient facts to determine whether or not actual or substantial requirements of the notice of the OGTCA have been met by the plaintiff. *See Childers v. Bd. of Commissioners of Oklahoma City*, 2019 WL 4060877, *3 (W.D. Okla. Aug. 28, 2019).

Plaintiff's Complaint fails to plead compliance with the requirements of the OGTCA. Accordingly, it is subject to dismissal.

### B. Rule 12(b)(6) Motion

Defendants also move for dismissal pursuant to Rule 12(b)(6), arguing that: (1) the Complaint states no facts specifically identifying what Attorney General Hunter or Secretary Buck did to wrong Plaintiff; (2) it alleges no personal participation by either of them in the alleged constitutional violations against him; (3) defendants are entitled to qualified immunity from Plaintiff's claims; and (4) defendants are entitled to Eleventh Amendment immunity.

### 1. Failure to Allege Facts Identifying Wrongful Acts by Defendants

Defendants argue that, to the extent Plaintiff's Complaint asserts claims against them in their individual capacities, those claims must be dismissed because the Complaint fails to allege either defendant's personal participation in the alleged constitutional violations. As previously noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* 556 U.S. at 678 (2009).

The only allegation regarding Secretary Buck is that he "is responsible for making sure that DHS is functioning in accordance with the laws and ensuring that the individual rights are not violated," and that he "failed to ensure his responsibilities to the duties hereto." *Id.* at 13-14. Likewise, the Complaint alleges Attorney General Hunter is "responsible for ensuring that all information, records and legal matters are correct and accurate," and that he "has failed in his responsibilities." *Id.* at 14. These generalized allegations do not provide Defendants Buck and Hunter adequate notice of exactly what Plaintiff alleges they have done wrong.

### 2. Failure to Allege Personal Involvement

To the extent Plaintiff seeks to assert claims against Hunter and Buck in their individual capacities, it is well settled that "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997Accordingly, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights. *Ashcroft*, 556 U.S. at 676. The plaintiff must demonstrate an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). And because "[t]here is no concept of

strict supervisor liability under section 1983," government officials cannot be held vicariously liable in a §1983 suit for the misconduct of their subordinates. *Jenkins v Wood*, 81F.3d 988, 994 (10th Cir. 1996). Additionally, the Tenth Circuit has held that the mere affirmance or denial of a grievance is insufficient to establish personal participation. *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

The Complaint is devoid of allegations establishing Buck or Hunter personally participated in the alleged violation of Plaintiff's rights. Therefore, it is subject to dismissal.

### 3. Qualified Immunity

Defendants Hunter and Buck also argue that they are entitled to qualified immunity. Qualified immunity protects government officials from individual liability in a §1983 action unless the official's conduct violates clearly established constitutional rights. *See Perez v. Unified Gov't of Wyandotte County,* 432 F.3d 1163, 1165 (10th Cir. 2005); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). It is "an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). As a result, the Supreme Court has stressed that it is critical to resolve immunity questions at the earliest possible stage in the litigation. *See Saucier v. Katz,* 533 U.S. 194, 199-201 (2001); *Hunter v. Bryant,* 502 U.S. 224, 227 (1991). Whether qualified immunity exists is a question of law to be decided by the trial court. *England v. Hendricks*, 880 F.2d 281, 283 (10th Cir. 2003).

When a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing that the defendant's action violated a right protected by the United States Constitution or federal statutory right, and that the constitutional or statutory right was clearly established at the time of the events in question, such that "every reasonable official would have understood that

what he [was] doing" violated the law. *Fisher v. City of Las Cruces,* 584 F.3d 888, 893 (10th Cir. 2009), citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). "The law is clearly established when a Supreme Court or Tenth Circuit precedent is on point or the alleged right is clearly established from case law in other circuits." *Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (citing *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003)).

"[T]he touchstone of [this] inquiry is whether the officers [were] on notice [that] their conduct [was] unlawful." *Roska*, 328 at 1248 (citations and internal quotation marks omitted). Accordingly, the plaintiff must allege a constitutional violation and meet his burden to establish that the law on the subject is clearly established and that a reasonable official would have known that his actions would violate clearly established law. *Id.* at 1251. The Tenth Circuit has cautioned that "[i]n considering the 'reasonable state actor,' we must keep in mind that qualified immunity precludes the imposition of liability for 'all but the *plainly incompetent* or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (emphasis in original)).

Plaintiff's Complaint fails to allege that Defendants violated any clearly established constitutional right. Accordingly, Defendants' Motion to Dismiss must be granted.

### 4. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted by or against the United States by citizens of another state . . ." U.S. CONST. AMEND. XI. Accordingly, "[n]either the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of §1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks omitted). Because "a suit against a state official in his or her official capacity is not a suit against the official

but rather is a suit against the official's office . . . it is no different from a suit against the State itself." *Id.* (citations omitted). Both the Office of the Attorney General and the Department of Human Services are arms of the state for Eleventh Amendment purposes, as are Attorney General Hunter and Secretary Buck, named in their official capacity. Furthermore, Plaintiff cannot recover money damages against these individuals in their official capacities, as the Eleventh Amendment protects them against such suits. *Kentucky v. Graham*, 472 U.S. 159, 169 (1985).

Additionally, even if a state or state agency could be proper defendants in a §1983 action, individual defendants cannot be held liable under the statute merely because they hold a supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Liability can be imposed on a supervisor under §1983 only where there is an "affirmative link" between the alleged constitutional deprivation and the supervisor's personal participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (citation omitted). Plaintiff's Complaint fails to articulate how (if at all) Attorney General Hunter or Secretary Buck personally participated in any violation of Plaintiff's constitutional rights.

States may waive their Eleventh Amendment immunity, or Congress may abrogate that immunity in certain instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). However, the State of Oklahoma has not waived immunity. *See* 51 O.S. §152.1(B) (2012). Nor has Congress, through the enactment of 42 U.S.C. §1983, abrogated Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (overruled on other grounds by *Hafter v. Melo*, 502 U.S. 21, 217 (1991)).

Accordingly, Plaintiff's claims against defendants Hunter and Buck are barred by the Eleventh Amendment.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss filed by defendants Hunter and Buck (Doc. 7) is hereby granted.

ENTERED this 12th day of August, 2020.

TERENCE C. KERN
United States District Judge