IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK HILL,       )<br>                  )<br>     Plaintiff,   )<br>                  )<br> v.               )<br>                  )<br> STATE OF OKLAHOMA, Dept. of Human  )<br> Services and CSE Agency; JUSTIN BROWN, )<br> Director of Dept. of Human Services; )<br> STEVEN BUCK, Secretary of Records for )<br> Dept. of Human Services; and MIKE  )<br> HUNTER, State of Oklahoma Attorney General, )<br>                  )<br>     Defendants.  )<br>                  ) | Case No. 20-CV-25-TCK-JFJ |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by defendant Justin Brown, Director of the Oklahoma Department of Human Services. Doc. 9. Brown seeks dismissal of *pro se* plaintiff Rick Hill's Complaint pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6). *Id.* Plaintiff opposes the motion. Doc. 11.

**I. Applicable Law**

Fed. R. Civ. P.12(b)(1) permits the Court to dismiss a complaint for "lack of subject- matter jurisdiction." "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 906 F.3d 926, 931 (10th Cir. 2018). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." (citation omitted). Here, defendants have facially attacked the sufficiency

of the Complaint's allegations as to the existence of subject matter jurisdiction. In addressing a facial attack under Rule 12(b)(1), the court must "presume all of the allegations contained in the amended complaint to be true." *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002). Dismissal is proper where "the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein." *Harrison v. United States,* 329 Fed. Appx. 179, 181 (10th Cir. 2009) (unpublished).

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

## II. Allegations of the Complaint

In his Complaint, Plaintiff alleges Defendants have committed "RACKETEERING FRAUD and EMBEZZLEMENT" against him over 100 times and violated Oklahoma and Federal laws. Doc. 1 at 12-13. He seeks:

- "2 trillion dollars in financial compensation;"

- "to have my name and other personal information removed from their system and permanent ban from future action;"

- "removal of all negative credit reports;" and

- "cease and desist all Tax and Wage garnishments.

*Id.* at 2-3. Attached to the Complaint is a "BRIEF for CIVIL ACTION" in which Plaintiff alleges that because he is a Native American, Oklahoma has no jurisdiction over him; and that ODHS fraudulently billed him for medical fees, charged excessive interest and penalties, failed to credit his account for money it received, and refused to recognize his rights under the Native American Rights Act, the Reserved Rights Doct[rine]. *Id.* at 4-15.

### III. Analysis

#### A. Rule 12(b)(1) Motion

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted by or against the United States by citizens of another state . . ." U.S. CONST. AMEND. XI. Accordingly, "[n]either the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of §1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks omitted). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . it is no different from a suit against the State itself." *Id.* (citations omitted). The Department of Human Services is an arm of the state for Eleventh Amendment purposes, as is Director Brown, named in his official capacity. Furthermore, Plaintiff cannot recover money damages against individuals in their official capacities, as the

3

Eleventh Amendment protects them against such suits. *Kentucky v. Graham*, 472 U.S. 159, 169 (1985).

Additionally, even if a state or state agency could be proper defendants in a §1983 action, individual defendants cannot be held liable under the statute merely because they hold a supervisory position. *Grimsley v.MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Liability can be imposed on a supervisor under §1983 only where there is an "affirmative link" between the alleged constitutional deprivation and the supervisor's personal participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (citation omitted). Plaintiff's Complaint fails to articulate how (if at all) Brown personally participated in any violation of Plaintiff's constitutional rights.

States may waive their Eleventh Amendment immunity, or Congress may abrogate that immunity in certain instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). However, the State of Oklahoma has not waived immunity. *See* 51 O.S. §152.1(B) (2012). Nor has Congress, through the enactment of 42 U.S.C. §1983, abrogated Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (overruled on other grounds by *Hafter v. Melo*, 502 U.S. 21, 217 (1991)).

Accordingly, Plaintiff's claims against Brown in his official capacity as Director of OKDHS, must be dismissed.

### B. Rule 12(b)(6) Motion

Brown also moves for dismissal pursuant to Rule 12(b)(6), arguing that the Complaint fails to state a claim against him that is plausible on its face.

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

Plaintiff's Complaint wholly fails to satisfy the pleading requirements of Rule 12(b)(6). The only allegation specifically mentioning Brown states that, as Director of the Oklahoma DHS, Brown "is responsible for making sure that agency is functioning in accordance with the laws and ensuring that individual rights are not violated," and that he "failed to ensure his responsibilities to the duties hereto." Doc. 1 at 13. This generalized allegation fails to provide Brown adequate notice of exactly what Plaintiff alleges he has done wrong. The Complaint also cites various federal statutes and cases, none of which appear to be relevant to Plaintiff's claims.

Because the allegations of the Complaint, taken as true, fail to establish any personal participation by Brown, any individual capacity claim against him must be dismissed.

**IV. Conclusion**

For the reasons set forth above, Defendant Brown's Motion to Dismiss is hereby granted.

ENTERED this 12th day of August, 2020.

TERENCE C. KERN
United States District Judge